Charles A. Loreto, J.
Relator has sued out a writ of habeas corpus. In 1929 he was sentenced to a term of imprisonment of 35 years, with an additional term of 5 years upon the conviction of two crimes.
Relator claims that he is entitled to compensatory time for labor performed during his imprisonment as a matter of right and therefore he computes that he paid his debt to society for these convictions and is no longer subject to the jurisdiction of the Parole Board.
On July 18,1960 he was arrested on a charge of possession of a loaded gun (Penal Law, § 1897) and is presently detained on that charge.
A parole violation warrant had been issued against him on April 22, 1959 and was lodged with the Manhattan House of Detention for Men, where he is incarcerated, on the date of his admission there, to wit, July 19,1960.
Relator presents a remarkable petition and brief prepared by himself in which he asserts his right to compensatory time credit for labor performed while incarcerated and, therefore, having served in full his prison sentence, he is no longer subject to the Parole Commission and cannot be held for violation of parole. The Attorney-General in his brief commendably states that the point raised as to whether relator would be entitled to such compensatory time is not entirely free of doubt. This question need not now be resolved for the court must pass upon the propriety of the use of the writ under the facts of this case. Since it appears that relator is presently detained by reason of the recent gun charge and not the 1929 conviction, the writ does not lie.
Relator asserts that the outstanding warrant of the Parole Board prevents him from obtaining bail. It would bar his release. However, in order to crystallize the issue he must secure his release from detention due to the recent charge. To accomplish this he must have bail fixed and offer it to the Warden. When and if he is released by bail or otherwise of the recent charge and detained solely by reason of the lodged parole violation warrant, then he may have recourse by appropriate action to have the point he now raises passed upon if it becomes necessary.
The writ is, therefore, dismissed. The Clerk is directed to forward a copy of this opinion and the order entered herein to relator.